UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| JOHN GOMES,<br>    Plaintiff,<br><br>v.<br><br>BROWN UNIVERSITY,<br>    Defendant. | )<br>)<br>)<br>)<br>)   C.A. No. 1:23-cv-219-JJM-PAS<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., Chief United States District Judge.

John Gomes brings this action against his former employer, Brown University ("Brown"), for damages arising out of Brown's alleged violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, the Rhode Island Fair Employment Practices Act ("FEPA"), R.I. Gen. Laws § 28-5-1, *et seq.*, and the Rhode Island Civil Rights Act ("RICRA"), R.I. Gen. Laws § 42-112-1. ECF No. 1. Additionally, Mr. Gomes alleges Brown wrongfully terminated him in violation of public policy. Brown has moved to dismiss the claims alleging violation of FEPA, RICRA, and wrongful termination.[1] ECF No. 5. For the reasons set forth here, the Court DENIES Brown's Motion to Dismiss the FEPA and RICRA claims.

---

[1] In his response, Mr. Gomes states that he is willing to dismiss his wrongful termination suit. ECF No. 6.

I.  BACKGROUND

In April 2019, Mr. Gomes was hired to work as an Administrative Assistant at Brown University's School of Public Health Center for Statistical Sciences. His annual salary for this position was about $33,000. Before or during the time that Mr. Gomes was employed at Brown, he was diagnosed with several disabilities, including borderline personality disorder, depression, anxiety, and substance abuse disorder.[2] From March 29, 2021, through June 1, 2021, Mr. Gomes alleges that he was in and out of different medical treatment programs to help him manage his disabilities.

Mr. Gomes requested leave from Brown to seek treatment for his health conditions. Mr. Gomes officially began to use his accrued paid time off ("PTO") on March 29, 2021. Mr. Gomes' direct supervisor, Ms. Diane Deignan, approved this initial PTO request. From March 29 through April 8, 2021, Mr. Gomes continued to use his accrued PTO. When that ended, Mr. Gomes received a doctor's note from Sean Rebello, a nurse practitioner at Miriam Hospital, ordering Mr. Gomes to remain out of work for three more days.

The next day, Mr. Gomes was admitted to an Outpatient Day Program at Butler Hospital ("Butler"), a mental health institution located in Providence, Rhode Island, to treat his mental health conditions. Upon his admission to Butler, Mr. Gomes received another doctor's note from Dr. Edward Sheehan, a psychiatrist, which permitted him to remain out of work until April 27, 2021. He shared this note

---

[2] Both the Rehabilitation Act, Americans with Disabilities Act ("ADA"), and the Affordable Care Act recognize these diagnoses as disabilities.

with Ms. Deignan on the same day that he was admitted. Mr. Gomes applied online for Temporary Disability Insurance ("TDI"). Samantha St. Onge, a Human Resources ("HR") Representative from Brown, contacted Mr. Gomes to provide him with an FMLA form that a doctor needed to complete and return to her department. Mr. Gomes met with Dr. Sheehan to discuss his treatment and how they could submit Mr. Gomes' completed forms to Brown.

Mr. Gomes alleges that he mailed both the completed Leave of Absence and FMLA forms to Brown's HR Department on April 26, 2021. About two weeks later, Ms. Deignan emailed Mr. Gomes to find out when Mr. Gomes would be returning to work and to let him know that Brown's HR Department had not yet received his "completed medical certification for his leave request" that needed to be submitted by May 13, 2021. That same day, Mr. Gomes responded to Ms. Deignan and told her that all the necessary paperwork had been completed and that he would be "out for at least another 2 to 3 weeks." Mr. Gomes also explained that to play it safe, he could not fax his completed paperwork and had instead mailed it to Brown's HR Department.

Mr. Gomes claims to have completed the intake process for an Intensive Outpatient Treatment Program at Butler. The next day, Ms. Deignan responded to Mr. Gomes' email three separate times within the same hour. First, Ms. Deignan responded to thank Mr. Gomes for the updates and to wish him well during his healing process. Second, Ms. Deignan wrote to suggest that Mr. Gomes take pictures of his completed forms and submit them via "virtu," a financial software company

presumably used by Brown. Third, Ms. Deignan emailed Mr. Gomes to let him know that she notified Ms. St. Onge about Mr. Gomes' need to extend his absence "another two to three weeks" and to remind Mr. Gomes that he also needed to extend his leave date in Workday, a software used by Brown employees.

On May 13, 2021, Mr. Gomes forwarded a doctor's note written by Amy Snyder, a physician assistant at Butler, to Ms. Deignan that advised Mr. Gomes to remain out of work until June 1, 2021. Ms. Synder's note also invited Brown to reach out to her with any "questions or concerns" regarding Mr. Gomes. On May 24, 2021, Ms. Pamela Donnelly a Benefits Specialist at Brown, sent a communication to Mr. Gomes to notify him that as of that date, Brown had not received his completed Leave of Absence and FMLA forms. In this communication, Ms. Donnelly also stated that Mr. Gomes' absence would not be designated as protected under the FMLA and that it may be considered unapproved. Brown also alleges in this communication that they had sent a letter to Mr. Gomes, informing him that he had seven days to submit the completed "Certification of Health Care Provider" form and that as of that date they had not received it. A copy of this communication was shared with Ms. Deignan. On June 1, 2021, Brown terminated Mr. Gomes for job abandonment.

## II. STANDARD OF REVIEW

When the Court reviews a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it accepts all Plaintiff's factual allegations as true to decide whether they "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp.*

4

*v. Twombly*, 550 U.S. 544, 570 (2007)). The Court may not consider "conclusory legal allegations." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013) (citing *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). Additionally, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) (citations omitted).

## III. DISCUSSION

### A. *FEPA Accommodation Claim.*

Mr. Gomes alleges that Brown violated parts of the FEPA that prohibit a failure to accommodate and retaliation. The FEPA states that "[i]t shall be an unlawful employment practice for any employer to refuse to reasonably accommodate an employee's or prospective employee's disability unless the employer can demonstrate that the accommodation would pose a hardship on the employer's program, enterprise, or business." R.I. GEN. LAWS § 28-5-7(1)(iv) (1949). In order to establish a claim for failure to accommodate under FEPA, a plaintiff must show "(1) that he suffers from a disability or handicap, as defined by the ADA and Chapter 151B, (2) that he was nevertheless able to perform the essential functions of his job, either with or without reasonable accommodation, and finally that (3) [his employer] took an adverse employment action against him because of, in whole or in part, his protected disability." *Carroll v. Xerox Corp.*, 294 F.3d 231, 237–38 (1st Cir. 2002). Additionally, the First Circuit has held that "[a] leave of absence and leave extensions are reasonable accommodations in some circumstances" and that "[w]hether the leave

5

request is reasonable turns on the facts of the case." *Criado v. IBM Corp.*, 145 F.3d 437, 443–44 (1st Cir. 1998). Furthermore, "requesting an accommodation is protected activity for the purposes of § 12203(a) [the ADA]". *Wright v. CompUSA, Inc.*, 352 F.3d 472, 478 (1st Cir. 2003).

Here, Mr. Gomes alleges that Brown failed to accommodate his disability by not granting his reasonable request for medical leave. Mr. Gomes' uses a plethora of plausible factual details to support his allegation against Brown and his claim that he requested a Leave of Absence and FMLA separately. Brown points out that several other circuit courts have held that a request for FMLA leave is not considered a "reasonable accommodation." Mr. Gomes responds that courts recognize a request for a general medical leave of absence (unrelated to FMLA leave) as a request for a reasonable accommodation under FEPA.

Mr. Gomes is correct. The First Circuit has held that a "leave of absence and leave extensions are reasonable accommodations." *Criado v. IBM Corp.*, 145 F.3d 437, 443 (1st Cir. 1998). Additionally, since Mr. Gomes alleges that he requested medical leave separately from his request for FMLA leave, this point is moot. Mr. Gomes says that Brown was aware of his disabilities, that he first requested PTO to seek treatment for them in March 2021, and that several medical professionals have confirmed his diagnoses and need for treatment. Both parties agree that Mr. Gomes was a Brown employee and that he was terminated on June 1, 2021. Taking Mr. Gomes' allegations as true as we must at the motion to dismiss stage, the Court finds that Mr. Gomes has alleged plausible facts to support a cause of action that Brown

failed to reasonably accommodate Mr. Gomes' disabilities. As a result, Brown's Motion to Dismiss as it pertains to Mr. Gomes' FEPA accommodation claim is denied.

### B. *FEPA Retaliation Claim*

To establish a claim of retaliation, a plaintiff must show "(1) that [he] engaged in protected conduct; (2) that [he] was discharged; and (3) that there is a causal connection between [his] protected conduct and the discharge." *Kelly v. Verizon Servs. Corp.*, C.A. No. 08–282–ML, 2008 WL 4547493, 4 (D.R.I. Oct. 8, 2008). Once again, Mr. Gomes has met this standard. Brown does not allege that they had experience any performance issues with Mr. Gomes prior to his request for leave in March 2021. In his Complaint, Mr. Gomes plausibly alleges that Brown terminated him after he asked for an extended medical leave. As a result, Brown's Motion to Dismiss as it pertains to Mr. Gomes' FEPA retaliation claim is denied.

### C. *RICRA Claim*

The RICRA statute explicitly states that discrimination based on a person's disability is prohibited. *See* R.I. GEN. LAWS § 42-112-1(a) (1990). Although the statues are similar, the First Circuit has held that "the two statutes [RICRA and FEPA] were meant to provide separate, if sometimes converging, avenues to relief." *Rathbun v. Autozone, Inc.,* 361 F.3d 62, 70 (1st Cir. 2004). The First Circuit has gone further to expound upon the differences, stating that FEPA makes it illegal for any applicable employer to discriminate against an employee on account of several protected classes, including a person's disability, while RICRA "sweeps more broadly"

and has been "authoritatively determined to forfend against all forms of discrimination in all phases of employment." *Id.* at 71.

Here, Mr. Gomes alleges that after he received approval from his supervisor, while he was out on leave to treat his disabilities, Brown terminated him. Mr. Gomes has alleged many facts that lend plausibility to his contention that his termination by Brown was a form of discrimination. As a result, Brown's Motion to Dismiss as it pertains to Mr. Gomes' RICRA claim is denied.

## IV. CONCLUSION

Since Mr. Gomes has alleged substantial facts to support both his FEPA claim and his RICRA claims, the Court DENIES Brown's Motion to Dismiss. ECF No. 5.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

November 27, 2023